UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM LOPEZ,

                      Plaintiff,

    -v-

STAFF YMY INC., et al.,

                 Defendants.

CIVIL ACTION NO. 24 Civ. 7408 (MMG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff William Lopez ("Mr. Lopez"), a building superintendent, brings this action against his former employers Defendants Staff YMY Inc., Grand Concourse Estates LLC, 2406 Realty LLC, Simcha Applegrad, and Milton R. Reisman (together, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and New York Labor Law §§ 1990 et seq. ("NYLL"). (Dkt. No. 7 (the "Amended Complaint")).

On December 19, 2025, El-Hag & Associates, P.C. and Jordan El-Hag, Esq. ("Mr. El-Hag"), counsel for Mr. Lopez, filed a motion to withdraw as counsel, (Dkt. No. 59 (the "MTW")), which the Honorable Margaret M. Garnett has referred to the undersigned. (See Dkt. Nos. 47; 61). Mr. Lopez responded to the MTW, (Dkt. Nos. 66 (the "Response")), and filed an application for the Court to request pro bono counsel on his behalf. (Dkt. No. 67 (the "Pro Bono Application")). For the reasons stated below, the MTW is **GRANTED** and the Pro Bono Application is **DENIED** without prejudice.

## II. PROCEDURAL BACKGROUND

On October 1, 2024, Plaintiff filed the complaint. (Dkt. No. 1). A few days later, on October 4, 2024, Plaintiff filed the Amended Complaint. (Dkt. No. 7). On December 6, 2024, Defendants filed their answer. (Dkt. No. 25). On January 24, 2025, given the parties' settlement efforts, Judge Garnett referred this action to the undersigned for settlement. (Dkt. No. 28 (the "Referral")). On July 17, 2025, Defendants filed a motion to compel arbitration based on the parties' collective bargaining agreement providing that arbitration is the "sole and exclusive remedy" for claims made under the FLSA and NYLL. (Dkt. No. 43 (the "MTCA")). On July 18, 2025, Judge Garnett amended the Referral to include the MTCA. (Dkt. No. 47).[1] On August 6, 2025, the Court granted Mr. Lopez's request to stay the case due to Mr. El-Hag's health issues and adjourned the MTCA briefing schedule sine die. (Dkt. No. 51). The Court then extended the stay twice due to the parties' settlement efforts. (See Dkt. Nos. 53; 55). On November 13, 2025, given Mr. Lopez's "elect[ion] to proceed to arbitration" and the parties' notification to the Court "that the case will proceed to arbitration," the Court denied the MTCA as moot and again extended the stay sine die. (Dkt. No. 57). As of the date of this Order, the stay remains in place pending the outcome of the parties' arbitration.

## III. DISCUSSION

### A. The MTW

Whether to grant a motion to withdraw as counsel "falls to the sound discretion of the trial court." In re Albert, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002) (collecting cases).[2] When deciding

---

[1] On December 23, 2025, Judge Garnett further amended the Referral to include general pretrial management. (Dkt. No. 61).

[2] Internal citations and quotations are omitted from case citations unless otherwise indicated.

whether to grant such a motion, the court considers two factors: (1) "the reasons for withdrawal" and (2) "the impact of the withdrawal on the timing of the proceeding." Estate of Larry Shaw & Susan Shaw v. Marcus, No. 14 Civ. 3849 (NSR), et. al., 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016).

In the MTW, Mr. El-Hag requests leave to withdraw as counsel for Mr. Lopez due to "ongoing health issues that materially impair [his] ability to continue representation and a breakdown in the attorney-client relationship." (Dkt. No. 59-1 at 4). In the Response, Mr. Lopez agrees that due to Mr. El-Hag's ongoing health issues, Mr. El-Hag "may not be suitable to continue to represent [him]" and further states that Mr. El-Hag "does not maintain [his] interest[.]" (Dkt. No. 66).[3] Defendants do not oppose the MTW. (See Dkt. No. 64 at 2). Accordingly, given that (i) Mr. El-Hag's health issues materially impair his ability to continue representation, (see Dkt. No. 59-1 at 4), (ii) the case is stayed pending the parties' arbitration, (see Dkt. No. 57), and (iii) neither Mr. Lopez nor Defendants oppose the MTW, the MTW is **GRANTED**.

### B. The Pro Bono Application

On January 7, 2026, Mr. Lopez filed the Pro Bono Application. (Dkt. No. 67). As an initial matter, "[u]nlike criminal defendants, indigents filing civil actions have no constitutional right to counsel." Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008). The Court, however, has "broad discretion when deciding whether to seek pro bono representation for a civil litigant[,]" but must do so "sparingly, and with reference to public benefit, in order to preserve the precious commodity of volunteer-lawyer time . . . ."

---

[3] Although Mr. El-Hag has not complied with the Court's Orders to file proof of service of the MTW and Order at Dkt. No. 62 on Mr. Lopez, (see Dkt. Nos. 62; 65), given the Response and the Pro Bono Application, we infer that Mr. Lopez received notice of the MTW. (See Dkt. Nos. 66–67).

Morocho v. Stars Jewelry by the A Jeweler Corp., No. 23 Civ. 3836 (VSB), 2025 WL 2603677, at *1

(citing Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989)).

In Hodge v. Police Officers, the Second Circuit set forth factors a court should consider in

deciding whether to grant a litigant's request for pro bono counsel.  See Hodge v. Police Officers,

802 F.2d 58, 60–62 (2d Cir. 1986).  First, "the litigant must [] demonstrate that he [] is indigent."

Morocho, 2025 WL 2603677, at *1; see Hodge, 802 F.2d at 60 ("The authority for [the court] to

appoint counsel for indigents in civil cases comes from 28 U.S.C. § 1915(d)").  "The court must

then consider whether the litigant's claim seems likely to be of substance — a requirement that

must be taken seriously."  Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 60–61).

If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence
> implicating the need for cross-examination will be the major proof presented to
> the fact finder, the indigent's ability to present the case, the complexity of the
> legal issues[,] and any special reason in [the] case why appointment of counsel
> would be more likely to lead to a just determination.

Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 60–61; see Cooper, 877 F.2d at 172

(listing factors courts should consider, including litigant's efforts to obtain counsel).

"In considering these factors, district courts should neither apply bright-line rules nor

automatically deny the request for counsel until the application has survived a dispositive

motion."  Morocho, 2025 WL 2603677, at *1 (citing Hendricks v. Coughlin, 114 F.3d 390, 392-93

(2d Cir. 1997).  "Rather, each application must be decided on its own facts."  Morocho, 2025 WL

2603677, at *1 (citing Hodge, 802 F.2d at 61).

Here, the Pro Bono Application is **DENIED** without prejudice for two reasons: (i) Mr. Lopez

has not established that he is indigent, which is a threshold requirement for the Court to

4

request pro bono counsel on his behalf; and (ii) this case is currently stayed pending the parties' arbitration, which weighs against Mr. Lopez's need for pro bono representation.  (See Dkt. No. 57).

As for the first reason, in his Pro Bono Application, despite checking the box stating that he has "not previously filed an [in forma pauperis] ["IFP"] application in this case and now attach[es] an original IFP application showing my financial status," he does not attach an IFP application to the Pro Bono Application, nor does he provide any information concerning his financial status in the Pro Bono Application or the Response.  (Dkt. Nos. 66–67).  As for Mr. Lopez's explanation of why he needs an attorney in this case, he states that, "[u]nfortunately, due to [p]oor [h]ealth conditions, [a]nd [l]ack of suf[f]icient participation/interest [], [m]y [a]ttorney submitted a claim to be excused as my attorney.[]"  (Dkt. No. 67 at 1).  Mr. Lopez further explains that he has "[a]ttempted to contact several potential [l]aw firms" to replace Mr. El-Hag, (Dkt. No. 67 at 2), and attaches screenshots of text messages that discuss Mr. Lopez's efforts to reach out to other law firms to represent him in this action.  (Dkt. No. 67 at 3–7).  Mr. Lopez, however, does not offer any support, or even state in his Pro Bono Application or Response, that he is indigent or otherwise lacks the financial resources to hire an attorney.  (Dkt. Nos. 66–67).

As for the second reason, this case is stayed pending the parties' arbitration.  (See Dkt. No. 57).  As stated above, (see § III.B, supra), the Court must only seek pro bono representation for a civil litigant "sparingly, and with reference to public benefit, in order to preserve the precious commodity of volunteer-lawyer time . . . ."  Morocho, 2025 WL 2603677, at *1.  Given the possibility that this case could resolve at arbitration, we find that pro bono representation in this case would not be a beneficial use of volunteer-lawyer time.

Accordingly, the Pro Bono Application is **DENIED** without prejudice.  If the parties are unable to resolve this case at arbitration, and if this case is re-opened, Mr. Lopez may renew his Pro Bono Application and further provide support for why his financial status may qualify him to pro bono counsel.

### IV.  CONCLUSION

For the reasons stated above, the MTW is **GRANTED** and the Pro Bono Application is **DENIED** without prejudice.

The Clerk of Court is respectfully directed to:

1. Close Dkt. Nos. 59 and 67;

2. Terminate Jordan Alexander El-Hag, Esq. as counsel in this case;

3. Mail a copy of this Order to William Lopez at 1420 Grand Concourse Bronx, New York 10466;

4. Mark this case as a pro se case; and

5. Add pro se Plaintiff William Lopez's mailing address, 1420 Grand Concourse Bronx, New York 10466, to the docket.

Dated:  New York, New York     SO ORDERED.
     January 13, 2026

                  _____
                  **SARAH L. CAVE**
                  **United States Magistrate Judge**